**GOVERNMENT OF AMERICAN SAMOA, Plaintiff**

**v.**

**MIKE NOMURA of Tafagagai, Defendant**

No. 6-1951

High Court of American Samoa

Criminal Jurisdiction, Appellate Division

March 19, 1951

A. A. MORROW, *Chief Justice;* NUA, *District Judge;* and APE, *District Judge.*

### DECISION

Heard at Fagaitua, Tutuila, American Samoa March 1, 1951.

Solosolo for Mike Nomura.

MORROW, *Chief Justice.*

Mike Nomura was convicted in District Court No. 2 for allowing his pig to run at large in violation of Sec. 813 of the A. S. Code and sentenced. He has appealed.

■ Apparently the prosecution in the District Court was initiated under Sec. 429 of the Code prohibiting insanitary nuisances, the Government relying upon permitting a pig to be at large as a violation of such section. This section provides that:

"Every head of a family, members of which reside on any piece of land, or are entitled to ownership or by agreement with the owner to use the land for agricultural purposes or animal husbandry or for the taking of vegetable or mineral products therefrom, shall be held responsible for the maintenance of good sanitary conditions on the place and in the abode. The failure to keep the building and grounds at all times free of collections of rubbish, refuse, garbage, tin cans, coconut shells, and all other articles and materials which attract or permit the breeding of flies or mosquitoes, is hereby declared to be an insanitary nuisance."

It being very obvious from such provision that a pig running at large would not necessarily constitute an insanitary nuisance unless feces from the pig were allowed to collect on the land in such quantities as to constitute a nuisance (and no such evidence was presented to the lower court), the Government apparently shifted the basis of its prosecution during the trial to the pertinent part of Sec. 813 which provides that:

"Every person owning or having the care and control of any horse, cow, bull, calf, pig, chicken, or other kind of livestock or poultry, who willfully or negligently allows the same to run at large and destroy or damage any fruits, flowers, vegetables, or other thing of value, shall, upon conviction, be fined not more than $200.00, or imprisoned not more than six months, or both;"

Our conclusion that the Government shifted from Sec. 429 to Sec. 813 is buttressed by the statement of Judge Malepeai to the High Court when it opened its hearing on the appeal. He said:

"I want to explain the grounds of this hearing. The complaint was filed by the Public Health Officer for unclean premises; the weeds, trash, tin cans etc. Another complaint was filed in the same case for pigs running at large. Chief Sotoa requested at the hearing to leave out the unclean premises because Mike was sick in the Hospital and the hearing this morning the only thing is the pigs running at large which is Section 813 in the Code."

In view of our decision it will not be necessary to discuss the propriety of the shift.

It appears that a representative of the Public Health Department inspected defendant's premises in Laulii on December 4, 1950 and found defendant's pig running at large at the time. Pursuant to the practice of the Department, the representative gave defendant's wife a warning to have the pig shut up. At that time the defendant himself was a patient in the Samoan Hospital in Utulei. On December 8, 1950 the same representative again inspected defendant's premises, claiming to have found the pig still at large and the prosecution in the District Court was grounded upon the pig being at large on December 8th.

At the hearing by the High Court at Fagaitua on the appeal we considered the prosecution to be grounded on a claimed violation of Section 813 (prohibiting animals from running at large).

■ Sotoa was the chief government witness. He was not with the representative of the Public Health Department when the inspection of defendant's premises was made on December 8th and knew only what such representative had told him about finding the pig at large. Siufanua the other government witness, who was pulenu'u of Laulii in 1950, was present at the inspection on December 4th but not on December 8th. All he knew about whether the pig was at large on December 8th was based on what the Public Health Department representative had told him. In answer to the question "All you know about it is what the doctor said?" he replied, "Yes." His testimony on the issue like Sotoa's was pure hearsay. Obviously the Court cannot find the defendant guilty upon hearsay testimony of witnesses Sotoa and Siufanua.

The defendant took the stand in his own behalf. His testimony showed that he was sick in bed at home when the representative of the Public Health Department came to inspect on the 8th; that when told by a member of his

661

family that the second inspection was being made, he got up from his bed, looked through the window and saw the representative standing by the pig wall. He then told his wife to go and see what the representative wanted. He further testified that "My wife told me after the fomai left he was very mad because some of the stones in my pig wall was broken down."

 And on cross-examination defendant admitted that some stones on the top of his pig wall were missing. This, of course, is a circumstance which might indicate that the pig was outside the pig wall. However, it is not conclusive on the point. A few stones could be off the top of the wall and the pig still be inside.

"A conviction is not warranted where the evidence is as consistent with innocence as it is with the hypothesis of guilt. A verdict of guilty cannot be sustained which does not exclude every reasonable hypothesis but that of guilt." Underhill, Criminal Evidence (4th Ed.) Sec. 17.

"In order to sustain a conviction on circumstantial evidence, all the circumstances proved must be consistent with each other, consistent with the hypothesis that the accused is guilty, and at the same time inconsistent with the hypothesis that he is innocent, and with every other rational hypothesis except that of guilt." 16 Corpus Juris 763–4.

 Since we know that a pig may still be inside the pig wall even though there may be some stones off the top of the wall, it follows that the defendant cannot be convicted upon the circumstantial evidence against him.

There being no evidence against the defendant other than hearsay which we cannot consider and the circumstance that there were some stones off the top of the pig wall which circumstance does not of itself prove beyond a reasonable doubt that the defendant's pig was at large, we must acquit him.

The judgment of the District Court is reversed and the defendant Mike Nomura discharged.